**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JALMALDA D. REDISH,<br><br>            Petitioner,<br><br>      v.<br><br>WARDEN GRONDOLSKY, et al.,<br><br>            Respondents. | Civil Action No. 08-4706 (RMB)<br><br>O P I N I O N |

**APPEARANCES:**

Jalmalda D. Redish, Pro Se
03870-007
Federal Correctional Institution
P.O. Box 2000
Fort Dix, NJ 08640

John Andrew Ruymann
Assistant U.S. Attorney
Office of the U.S. Attorney
402 East State St., Room 430
Trenton, NJ 08608
Attorney for Respondents

**BUMB, District Judge**

Petitioner, Jalmalda D. Redish, a federal prisoner confined at the Federal Correctional Institution, Fort Dix, New Jersey, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, seeking educational good time credit against the custodial sentence he is currently serving. The named respondents are Warden J. Grondolsky, the Federal Bureau of Prisons, Assistant Warden N. Woodall, and Supervisor of Education D. Watford.

On December 2, 2008, Respondents submitted an answer to the petition with the relevant administrative record. Petitioner filed objections to the answer, and a motion for summary judgment, which has been opposed by Respondents. This Court has reviewed all submissions by the parties, and for the reasons stated below, the Court will deny the petition.

## BACKGROUND

### A. Petitioner's Sentence

Petitioner is serving a 21-year term of imprisonment, which he received on September 29, 2000 in the District of Columbia Superior Court. He was convicted of burglary while armed, aggravated assault while armed, and robbery, in violation of the D.C. Code. In 2001, pursuant to the National Capital Revitalization and Self-Government Improvement Act of 1997, Pub. L. No. 105-33, § 11201, 111 Stat. 712, 734 (effective August 5, 1997), and D.C. Code § 24-101, Petitioner's custody was transferred to the Federal Bureau of Prisons ("BOP").

### B. D.C. Educational Good Time Credit

Under D.C. Code § 24-221.01, D.C. inmates may be eligible for D.C. educational good time ("DCEGT") as credit against their sentences. See 28 C.F.R. § 523.30, et seq. To qualify for DCEGT, the D.C. inmate: (a) must be incarcerated in a BOP institution or a BOP contract facility; (b) must be serving a prison term for a D.C. criminal code violation committed before

August 5, 2000; (c) must have his Unit Team approve or design a plan for the inmate to complete a program designated by the BOP as eligible for DCEGT; (d) must have successfully completed a BOP designated education program on or after August 5, 1997; and (e) must not have violated any prison disciplinary rule while enrolled in the program. See 28 C.F.R. § 523.31(a) through (e). A D.C. inmate may earn up to 5 days DCEGT per month for each month he is enrolled in a designated program, up to the maximum amount designated by the BOP for the type of program successfully completed. See 28 C.F.R. § 523.32(a), (b).

Under D.C. Code § 24-221.01(b), any credits awarded are to be applied against the D.C. inmate's "minimum term of imprisonment to determine the date of eligibility for release on parole[,] and to the [inmate's] maximum term of imprisonment to determine the date when release on parole becomes mandatory." Id. If the D.C. inmate has been convicted of robbery, he may not have his minimum sentence reduced by more than 15% through the application of DCEGT credit.[1] Id.

C. Petitioner's Claims

Petitioner argues that he was denied DCEGT even though he meets all of the criteria for eligibility. According to his administrative remedy requests, Petitioner argued that his UNICOR

---

[1] Petitioner's initial conviction in 2000 was for robbery, and other offenses.

3

job was designed as an educational work program, and that he should be eligible to receive DCEGT, as UNICOR provided him with vocational training on an occupational marketable skill. Petitioner requested a two-year award of DCEGT.

Respondents argue that the basis for rejection of Petitioner's administrative remedies were correct: UNICOR is not a designated program for DCEGT; Petitioner has not established that his Unit Team approved or designed a plan for him to complete a program eligible for DCEGT; and Petitioner has not established that the Supervisor of Education found that he successfully completed the designated educational program.

In his reply, Petitioner argues that pursuant to BOP Program Statement 8120.02, UNICOR was established to provide meaningful work and job training for inmates, and to allow inmates to acquire skills and knowledge to be useful upon release back into society. Second, Petitioner argues that the Assistant Supervisor of Education and Acting UNICOR factory manager submitted proper paperwork to show that Petitioner completed the program. Third, Petitioner argues that he meets the criteria of Program Statement 5884.02, which states that a D.C. Code offender, sentenced after August 5, 2000 is eligible for DCEGT, "provided they do not break institution policy or are sentenced under D.C. Code 24-203.1(d)". Petitioner argues that Respondents have not disproved his claim that he should be entitled to DCEGT.

4

## ANALYSIS

The Court recognizes that a pro se pleading is held to less stringent standards than more formal pleadings drafted by attorneys. See Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). Thus, a pro se habeas petition should be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989). Because Petitioner is proceeding pro se in his application for habeas relief, the Court will accord his petition the liberal construction intended for pro se litigants.

### A. Jurisdiction

Section 2241 of Title 28 of the United States Code provides in relevant part:

> (c) The writ of habeas corpus shall not extend to a prisoner unless-... He is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2241(a), (c)(3).

"Section 2241 is the only statute that confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." Coady v. Vaughn, 251 F.3d 480, 485-486 (3d Cir. 2001). A petition for a writ of habeas corpus under 28 U.S.C. § 2241 in the district where the prisoner is confined provides a remedy "where petitioner challenges the effects of events 'subsequent'

5

to his sentence." Gomori v. Arnold, 533 F.2d 871, 874 (3d Cir. 1976)(challenging erroneous computation of release date). See also Soyka v. Alldredge, 481 F.2d 303 (3d Cir. 1973)(where petitioner alleged a claim for credit for time served prior to federal sentencing).

Accordingly, this Court has subject matter jurisdiction under § 2241 to consider this matter since Petitioner does not challenge the imposition of the sentence, but instead challenges the execution of the sentence, and because Petitioner was confined in New Jersey at the time he filed his petition. See Vega v. United States, 493 F.3d 310, 313 (3d Cir. 2007)(challenge to BOP's failure to give credit for time served prior to federal sentencing is cognizable under § 2241); see also Barden v. Keohane, 921 F.2d 476, 478-79 (3d Cir. 1991)(challenge to BOP's refusal to decide whether to designate state prison as a place of federal confinement); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3d ed. 1998).

B.  **Petitioner's Claim Must Be Denied.**

According to BOP Program Statement 5884.02, a person cannot be eligible for DCEGT unless, "Your Unit Team approved or designed a plan for you to complete a program designated by the Bureau as eligible for DCEGT." In this case, even assuming as true Petitioner's argument that an Assistant Supervisor of Education found that he had successfully completed the program

6

and had "initialized the process" (Reply, p. 2), Petitioner provides nothing to demonstrate that his Unit Team approved or designed the plan.

Further, while it is Petitioner's position that the UNICOR program should be designated as eligible for DCEGT, it is clear from the responses to Petitioner's administrative remedies that it is not so designated. While the goals and objectives of UNICOR and the historically-eligible DCEGT programs may overlap, that does not necessarily require the BOP to so designate UNICOR as an educational program. As one administrative remedy pointed out, "[t]he same objectives and response apply to other institutional work programs such as food service, facilities, or unit orderly assignments." (Moran Declaration, Ex. 4). Therefore, Petitioner has not demonstrated that UNICOR <u>is</u> designated by the BOP as eligible for DCEGT, rather, he opines, it <u>should</u> be so designated.

Thus, this Court finds no reason to disturb the findings of the BOP. Petitioner is not in custody in violation of the Constitution or laws of the United States, and the record does not demonstrate that his sentence is being executed erroneously.

## CONCLUSION

Based on the foregoing, this petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, is hereby denied.[2] An appropriate Order accompanies this Opinion.

RENÉE MARIE BUMB
United States District Judge

Dated: June 26, 2009

---

[2] Petitioner's pending motion for summary judgment will also be denied, as it goes to the merits of Petitioner's claims, for which this Court is denying relief.